PER CURIAM.
This is an appeal from an order of summary judgment. We reverse and remand with direction to enter judgment for appellants.
The testator’s will left eighty percent of his estate in trust to a charitable foundation bearing his name and the remaining twenty percent in trust to a charitable remainder unitrust. The unitrust provisions were as follows:
[2.] A. Charitable Remainder Uni-trust. My Trustees, as of my date of death, shall set aside twenty percent (20%) in value of the balance of the trust estate as a separate trust to be designated herein as my “Unitrust”, which shall be further held and disposed of as follows:
(1) Commencing with my death, and for a period of fifteen (15) years, my Trustees shall pay, in each taxable year of the trust, in equal quarterly installments, first from income and, to the extent that income is insufficient, from principal, a unitrust amount equal to seven percent (7%) of the net fair market value of the trust assets determined as of the first day of the taxable year, in equal shares, to the children of the following deceased persons, if such deceased person’s children are living at the time of my death:
1. My deceased sister, RAGNHILD GREEN, and
2. My deceased sister, JUDY MANSON, and
3. My deceased brother, AXEL PETERSON, and
*719 (a) BERTIL JOHNSON, foster-child of AXEL PETERSON, shall be considered a child of AXEL PETERSON for dispositions as above.
4. My deceased cousin, AGNES ANDERSON.
(2) If a child of one of the deceased persons set forth above should have predeceased me or should die before the expiration of the fifteen (15) year period, then distributions for the balance of the period remaining which would have been made to such child shall be made in equal shares to such child’s children who were living at the time of my death.
In the event distribution which would have been made to a child’s children, as aforesaid, cannot be made because there are no such child’s children alive (and were alive at the time of my death), then such distribution shall be made in equal shares to the remaining of the then living children of such deceased persons named in Subsection A.(l) of my Will, above.
(3) It is my intent that only persons living at the time of my death shall be beneficiaries under my Unitrust.
The co-personal representatives of the testator’s estate filed a Petition for Determination of Beneficiaries of Charitable Remainder Unitrust and Construction of Will. The co-personal representatives sought determination as to the identity of the possible beneficiaries under section 2.A. of the will and construction of that section, 2.A. being the charitable remainder unitrust. They suggested there were two possible interpretations of section 2.A., under one of which appellants would be beneficiaries and under one of which they would not.
Appellants are the grandchildren of Ragnhild Green, a deceased sister of the testator (a single man), all of whose parents were deceased at the time the testator made his will. Appellees are the seven living children of the testator’s two sisters, of his brother and of his cousin, all four of whom predeceased the testator. The co-personal representatives of the estate have filed a brief as appellees, stating they are not in an adversary position to appellants or the other group of appellees and have asked this court to resolve the issue.
Appellants moved the trial court for summary judgment on the petition. After a hearing on the motion, the trial court entered summary judgment against appellants, determining that the will was not ambiguous in identifying the income beneficiaries of the charitable remainder uni-trust. It found that only the seven children of the four named deceased individuals alive at the time of the testator’s death were beneficiaries.
Appellees successfully contended in the trial court that only those children of Ragn-hild Green, Judy Manson, Axel Peterson and Agnes Anderson who survived the testator were intended beneficiaries; and that because Esther Sauber, Clarence Green, Warner Green and Charles Green — all children of Ragnhild Green — had predeceased the testator, their fifteen surviving children — Ragnhild’s grandchildren — were not intended beneficiaries. Appellants disagreed, contending in the trial court that such interpretation rendered part of section 2.A.(2) meaningless; and they moved for summary judgment.
The trial court denied the grandchildren’s motion for summary judgment and entered summary judgment for appellees, who are the seven children of Ragnhild Green, Judy Manson, Axel Peterson and Agnes Anderson who survived the testator. It found an absence of intention to benefit children of a deceased child of the testator’s sister, and concluded an intention to remember relatives more closely related to the testator than the grandchildren and not so far removed. At the close of the non-evidentiary hearing, the following occurred:
THE COURT: Okay. Okay, the Court having reviewed the language of the will and the case authorities cited, the argument of counsel, it would appear that in the case of — cited by Mr. Coleman of Lewis v. Lewis which was a 1920 case, it appears to be 84 So.2d? Yea, 84 So.2d beginning at page 93, as well as cases cited by Mr. Conner, Elliott v. Krause and the other cases that the Court is *720 familiar with, in construction the Courts have, I think, uniformly attempted to give weight to construction favoring family members and the construction seems to be in proportion to the closeness of relationship. That is to children or to grandchildren — they seem to bend over backwards to find a connection. The case before us, none of these beneficiaries are children of Mr. Peterson nor are they grandchildren of Mr. Peterson. Uh, they are children or in the argument here, grandchildren of deceased brothers and sisters or cousins — they stand in relationship of, uh, nephews and nieces, grand nephews and grand nieces. The further away, the less attachment there would be to a testator.
The Court also observes that the testator was very specific in his choices, uh, of other beneficiaries under this will and he proposes under the will. It’s gone to great detail and in the Court’s view has, uh, set out a class of individuals of his intentions — that he intended to receive under the will. Uh, the motion for summary judgment will be denied.
MR. CONNER: Your Honor, if I might ask for clarification because the question still remains, does the Court determine the will as ambiguous or not? Because if the Court decides if the will is unambiguous, we need to know exactly how the Court views it, uh, so that we know who the beneficiaries are. If you feel that there is an ambiguity, then there is so to speak, more work to be done in this case in terms of developing discovery as to what the testator’s intent was.
THE COURT: Uh, in the Court’s view the language of paragraph 2 is only directed and, uh, in an effort to modify that of paragraph 1. I think the testator has set out who the beneficiaries and those — are those persons living.
MR. CONNER: But, Your Honor, still — if I could ask the Court’s indulgence, I’m not sure if you’re saying that the grandchildren — in other words the children of the four deceased children of Rinheld [sic], are they included under the language should have predeceased me under section 2 or not.
THE COURT: It doesn’t appear to me that they are.
MR. CONNER: Okay, as I understand the Court then, you’re saying that as a matter of law you feel that it’s unambiguous that the testator did not intend for the deceased children of Rinheld [sic] to be, uh, the children of the deceased children of Rinheld [sic] to inherit under this will?
THE COURT: I think that if he had so intended he would have used language such as per stirpes.
MR. CONNER: Okay, thank you, Your Honor.
THE COURT: Because he’s been so specific in everything else.
We conclude the trial court’s construction does not give any effect to section 2.A.(2) hereinabove, which section facially provides, in our view, for the deceased child’s children who survived the testator. Hopefully, we are not substituting our judgment for that of the trial court whose limiting view of section 2.A.(2) differs from our own. None of the parties desired a remand for the evidentiary consideration of competent evidence, and we do not find a need for such.
GLICKSTEIN and DELL, JJ„ concur.
LETTS, J., concurs in conclusion only without opinion.